**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Zhongshan Besway Technology Co., Ltd., | |
| Plaintiff, | **Civil Action No.: 26-cv-6031** |
| v. | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A", | **JURY TRIAL DEMAND** |
| Defendants. | |

## VERIFIED COMPLAINT

Plaintiff Zhongshan Besway Technology Co., Ltd. ("Plaintiff"), by and through its undersigned counsel, brings this action against the individuals, corporations, limited liability companies, partnerships, and unincorporated associations identified in the attached Schedule A (collectively, "Defendants") for infringement of Plaintiff's United States design patent rights.

## INTRODUCTION

1. Plaintiff brings this action to stop the unlawful advertisement, offer for sale, sale, and importation of products that infringe Plaintiff's patented design for a single bed frame for kids. Defendants operate e-commerce storefronts through online marketplaces and use those storefronts to advertise, offer for sale, and sell unauthorized products ("Unauthorized Products") that embody the ornamental design protected by Plaintiff's United States Design Patent No. D1,115,368 S.

2. Defendants' Unauthorized Products are offered under online marketplace listings directed to consumers in the United States, including consumers in Illinois. Defendants' listings

1

display children's Montessori-style bed frames, platform bed frames, bed fences, guardrail beds, and related size variations that copy or are substantially similar to the ornamental design claimed in Plaintiff's design patent.

3.   Defendants appear to use common or highly similar marketplace branding, product titles, product images, listing formats, and product variations to advertise and sell the same or substantially similar Unauthorized Products across multiple online marketplace listings.

4.   Defendants exploit the anonymity, reach, and speed of online marketplaces to distribute infringing products while obscuring their true identities and the full scope of their operations. Plaintiff files this action to protect its design patent rights, prevent further unauthorized use of its patented design, and stop Defendants from causing continued harm to Plaintiff's market position, goodwill, and exclusive patent rights.

**THE PARTIES**

5.   Plaintiff Zhongshan Besway Technology Co., Ltd. is a Chinese limited company with its principal place of business in Zhongshan, Guangdong, China.

6.   Plaintiff owns all right, title, and interest in U.S. Design Patent No. D1,115,368 S (the "'368 Patent"), entitled "Single Bed Frame for Kids." A true and correct copy of the '368 Patent is attached hereto as Exhibit A.

7.   The '368 Patent issued on March 3, 2026. See Exhibit A.

8.   The '368 Patent has been, and remains, valid and enforceable at all times relevant to this action. Pursuant to 35 U.S.C. § 282, the '368 Patent is presumed valid.

9.   The '368 Patent claims "The ornamental design for a single bed frame for kids, as shown and described."

2

10. The patented design includes, among other ornamental features, the overall visual configuration of a low platform children's bed frame with surrounding guardrails, rounded corner portions, vertical rail structures, and an overall ornamental appearance as shown in the drawings of the '368 Patent.

11. Plaintiff has developed, promoted, and commercialized products embodying the patented design, including children's bed frame products sold through online marketplaces. Representative examples of Plaintiff's products are shown below:



12. On information and belief, Defendants operate one or more e-commerce stores under the seller names and identifiers listed in the attached Schedule A. Defendants employ online marketplace storefronts to advertise, offer for sale, and sell Unauthorized Products that infringe Plaintiff's patented design.

13. Plaintiff will amend this Complaint as necessary if additional identifying information concerning Defendants becomes available.

## JURISDICTION AND VENUE

14. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the Patent Act, 35 U.S.C. § 1 et seq., 28 U.S.C. § 1338(a), and 28 U.S.C. § 1331.

15. This Court has personal jurisdiction over Defendants because Defendants have purposefully directed business activities toward the United States and this Judicial District by operating fully interactive e-commerce storefronts that are accessible to Illinois residents, offer products for sale to Illinois residents, accept payment from U.S. consumers, and offer shipping to the United States, including Illinois.

16. On information and belief, Defendants have advertised, offered for sale, sold, and/or imported Unauthorized Products into the United States, including into this Judicial District.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants are foreign defendants and/or because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## DEFENDANTS' UNLAWFUL CONDUCT

18. Plaintiff discovered that Defendants were advertising, offering for sale, and selling Unauthorized Products through online marketplace storefronts.

4

19.     Defendants' storefronts and product listings are identified in Schedule A. Schedule A includes, among other information, Defendants' seller names, seller store identifiers, and product identifiers.

20.     The accused listings include size variations and/or related versions of the same or substantially similar accused bed frame products. Although certain accused products may be listed under different product identifiers or may be offered in different sizes, such as Twin, Twin-XL, Full, or Queen, they share the same or substantially similar ornamental design features and overall visual impression.

21.     The accused listings further appear to use the same or substantially similar marketplace-facing product branding, product titles, product presentation, and listing structure, supporting the inference that the accused products are part of the same product line or closely related infringing product family.

22.     Defendants' Unauthorized Products embody the overall ornamental design claimed in the '368 Patent, including the low platform bed frame appearance, surrounding guardrails, rounded corner design, vertical rail arrangement, and overall configuration of the children's bed frame.

23.     True and correct copies of screenshots and evidence showing Defendants' accused online marketplace listings are attached hereto as Exhibit B.

24.     On information and belief, Defendants have advertised, offered for sale, sold, and/or imported Unauthorized Products into the United States without authorization from Plaintiff.

25.     Plaintiff has not authorized, licensed, or otherwise permitted Defendants to make, use, offer for sale, sell, or import any products embodying the ornamental design claimed in the '368 Patent.

26. Defendants' accused products are substantially the same as the patented design in the eyes of an ordinary observer, giving such attention as a purchaser usually gives, and therefore infringe the '368 Patent.

27. On information and belief, Defendants' infringing activities are ongoing and will continue unless enjoined by this Court.

28. Defendants' activities have caused and will continue to cause Plaintiff irreparable harm, including loss of market share, erosion of Plaintiff's exclusive patent rights, price erosion, damage to goodwill, and loss of control over the patented design.

29. Defendants' use of multiple online product identifiers, size variations, and marketplace listings further demonstrates the need for injunctive relief covering not only the specific identified listings, but also all substantially similar products, color variations, size variations, model variations, replacement listings, and successor listings through which Defendants continue to offer the same or substantially similar infringing designs.

30. On information and belief, Defendants can quickly remove, alter, or replace online listings after receiving notice of enforcement activity. Defendants can also transfer funds, redirect sales, create new listings, or use related storefronts to continue selling infringing products.

31. Unless restrained by this Court, Defendants are likely to continue infringing the '368 Patent through the identified listings and through additional listings or variations that embody the same or substantially similar ornamental design.

## COUNT I
## DESIGN PATENT INFRINGEMENT OF U.S. DESIGN PATENT NO. D1,115,368 S
### 35 U.S.C. § 271

32. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 31 as if fully set forth herein.

33. Defendants have infringed and continue to infringe the '368 Patent by making, using, offering to sell, selling, and/or importing into the United States products that embody the patented design or a design substantially the same as the patented design, in violation of 35 U.S.C. § 271.

34. Defendants' Unauthorized Products are substantially the same as the design claimed in the '368 Patent under the ordinary observer test.

35. Representative examples of Defendants' infringing products and listings are shown in Exhibit B.

36. Defendants' infringement has caused and continues to cause Plaintiff harm, including monetary damages, lost sales, loss of market share, price erosion, damage to goodwill, and loss of control over Plaintiff's patented design.

37. Plaintiff is entitled to recover damages adequate to compensate for Defendants' infringement under 35 U.S.C. § 284.

38. Plaintiff is also entitled to recover Defendants' total profits from the sale of articles of manufacture bearing the patented design or any colorable imitation thereof pursuant to 35 U.S.C. § 289.

39. On information and belief, Defendants' infringement has been willful, deliberate, and intentional, thereby entitling Plaintiff to seek enhanced damages under 35 U.S.C. § 284 and a finding that this case is exceptional under 35 U.S.C. § 285.

40. Plaintiff is entitled to preliminary and permanent injunctive relief under 35 U.S.C. § 283 to prevent Defendants and all persons acting in concert with them from continuing to infringe the '368 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in its favor and

against Defendants as follows:

A. That Defendants be found to have infringed U.S. Design Patent No. D1,115,368 S;

B. That Defendants, their officers, agents, servants, employees, attorneys, confederates, affiliates, and all persons acting in active concert or participation with them be temporarily, preliminarily, and permanently enjoined and restrained from making, using, offering for sale, selling, and/or importing into the United States any products that infringe U.S. Design Patent No. D1,115,368;

C. That Defendants, their officers, agents, servants, employees, attorneys, confederates, affiliates, and all persons acting in active concert or participation with them be temporarily, preliminarily, and permanently enjoined and restrained from aiding, abetting, contributing to, or otherwise assisting anyone in infringing U.S. Design Patent No. D1,115,368 S;

D. That, upon Plaintiff's request, all persons and entities with notice of the injunction, including without limitation online marketplace platforms, payment processors, web hosts, domain name registries, domain name registrars, and other service providers be ordered to disable and cease displaying any advertisements, listings, product pages, storefront pages, or links associated with Defendants' infringing products, including all substantially similar products, color variations, size variations, model variations, replacement listings, and successor listings that infringe U.S. Design Patent No. D1,115,368 S;

E. That Plaintiff be awarded damages adequate to compensate for Defendants' infringement pursuant to 35 U.S.C. § 284, together with interest and costs;

F. That Plaintiff be awarded Defendants' total profits pursuant to 35 U.S.C. § 289;

G. That Plaintiff be awarded enhanced damages for willful infringement pursuant to 35 U.S.C. § 284;

H.      That this case be declared exceptional under 35 U.S.C. § 285;

I.      That Plaintiff be awarded its reasonable attorneys' fees and costs; and

J.      That Plaintiff be awarded such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: May 22, 2026                      Respectfully Submitted,

/s/ Alexander Warden
Alexander.warden@walflaw.com
West Atlantic Law Firm, PLLC
104 West 40th Street, 4th and 5th Floor
New York, NY 10018
*Attorney for Plaintiff,*
*Zhongshan Besway Technology Co., Ltd.*

## VERIFICATION

I, _Long Li_, am the _Principal_ of Zhongshan Besway Technology Co., Ltd. I have read the foregoing Complaint and know the contents thereof. The matters stated in it are true to my own knowledge, except as to those matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _May 15_, 2026, at _Zhongshan_.

By: _Long Li_
Name: _Long Li_
Title: _Principal_
For Zhongshan Besway Technology Co., Ltd.

10